UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION


FILED
FEB 09 '07

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CALVIN DESERSA, | * | CIV 05-3014 |
| Plaintiff, | * | |
| -vs- | * | ORDER AND OPINION |
| MICHAEL O. LEAVITT, Secretary of Department of Health and Human Services, in his official capacity, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This case began as an age discrimination case (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-1, *et seq*.) and a case involving a claimed hostile work environment. It is clear that Calvin Desersa, plaintiff ("Desersa"), failed to exhaust administrative remedies as to any claim for a hostile work environment. Plaintiff has withdrawn all claims for damages arising out of a hostile work environment. *See* page one, Doc. 31. Thus, there is no question that defendant is entitled to at least a partial summary judgment on such claims. This leaves the age discrimination case itself.

Title VII prohibits an employer not only from discharging an employee because of his age or race but also from treating an employee differently by reason of his age or race with respect to the "terms, conditions, or privileges"of employment. See 42 U.S.C. § 2000e-2(a)(l). Hence, "[t]he ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2111, 147 L. Ed. 2d 105 (2000).

The defendant has filed a motion (Doc. 28) for a summary judgment with the necessary supporting documents. Desersa has filed documents to resist the motion. The matter is now ready for decision.

Most of the facts are indeed undisputed. Desersa was 78 years of age. He was employed as a housekeeper at the Rosebud Indian Health Service ("IHS") facility when he applied for a position as a motor vehicle operator at the facility. He was qualified for the position and was listed on the "selection certificate" issued on January 22, 2003. On February 11, 2003, another qualified candidate, Edward Cadotte ("Cadotte"), date of birth of August 12, 1965, was selected for the position. Cadotte had held the temporary position of motor vehicle operator for about six months before being selected for the permanent position.

Desersa thereafter unsuccessfully pursued his administrative remedies based on alleged age discrimination. Desersa voluntarily resigned from his IHS employment effective August 12, 2005. As stated above, there is nothing before the court dealing with this resignation.

IHS concedes that Desersa has alleged and established a prima facie case of age discrimination. His age was more than sufficient; he applied for and was qualified for the position sought; he was not selected; the person selected was 39 years of age when selected. One could question whether there are "facts that permit an inference of discrimination" as discussed in Cherry v. Ritenour Sch. Dist., 361 F.3d 474, 478 (8th Cir. 2004), but IHS does not contend that there is any such additional requirement to establish the prima facie case or that any such requirement is not met here.

The question then becomes: is there any genuine issue of material fact as to whether IHS acted for reasons other than age in not awarding the position to Desersa? In other words, were there legitimate and non-discriminatory reasons for selecting the younger person? There is no question that IHS has come forward with such reasons. However, are such reasons merely a pretext or cover-up for intentional age discrimination?

We know, of course, that summary judgment is proper only if, taking the evidence in the light most favorable to Desersa, there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Breeding v. Arthur J. Gallaher & Co., 164 F.2d 1151, 1156 (8th Cir. 1999).

Defendant has come forward with non-discriminatory reasons for its action, namely that the younger person was more qualified to repair vehicles and was a better overall worker than Desersa, i.e. one without supervisor complaints and without a need to carefully supervise and re-direct. Desersa had no training as a mechanic and was without any recent experience in the

repair and maintenance of vehicles. Desersa did not finish the fifth grade in school although his application indicated he had "some high school." The person selected by IHS had a high school degree plus 36 hours of college credits. Any presumption of age discrimination thus disappears. We know that it is possible, where strong evidence of a prima facie case exists, that the same may present a factual issue on pretext, thus requiring a jury trial. Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1135 (8th Cir. 1999) (*en banc*). There is no "strong evidence" of a prima facie case in the present case. Desersa was "qualified" largely in the sense that he was, at the time he made application, already an employee with IHS. He did not make application under the "excepted service plan." Thus, any claimed issue as to "points" is not relevant or material. Because of the selection method used (and in effect, agreed to by Desersa), points were not used. When making application, Desersa did not choose to be considered under either the "merit promotion plan" or the "excepted service examining plan." If he wished to have points considered, he should have applied under the "excepted service examining plan." The form was clear as to such options and Desersa offers no explanation for failing to select one plan or the other.

  Desersa has no evidence, direct or circumstantial, that the reasons set forth above were pretextual. He makes no showing of a policy or practice of IHS to not respond to problems or decisions in the way it responded in this case. *See* English v. Colorado Dep't of Corrections, 248 F.2d 1002, 1009 (10th Cir. 2001). He makes no showing that IHS knew or even should have known that the justifications were unfounded. *See* Sprenger v. Fed. Home Loan Bank of Des Moines, 253 F.3d 1106, 1111 (8th Cir. 2001). Desersa has not produced sufficient evidence to permit a rejection of the legitimate explanations which would in turn permit a reasonable jury to find unlawful discrimination.

  The ADEA was not enacted to immunize older workers from being terminated (or not given a better job) for legitimate reasons such as a bad attitude. Cerutti v. BASF Corp., 349 F.3d 1055, 1062 (7th Cir. 2003). Title VII does not prohibit employment decisions based on, *inter alia*, personality conflicts. Rose-Masston v. NME Hosps., Inc., 133 F.3d 1104, 1109 (8th Cir. 1998). There is some evidence in the present case of a personality conflict. Such evidence, however, only goes to show that the conflict had nothing to do with age discrimination. In Visser v. Packer Engineering Assoc., 924 F.2d 655, 657 (7th Cir. 1991) (*en banc*), Judge Posner

observed: "[T]he age discrimination law does not protect an older employee from being fired without good cause. It protects him from being fired because of his age. If the employer offers a pretext--a phony reason--for why it fired the employee, then the trier of fact is permitted, although not compelled, to infer that the real reason was age. This is just the test of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), transposed to the age discrimination setting." The legal principle is the same, of course, in looking at a decision to not hire an employee for another better position.

This court does not sit as a super-personnel department to review the wisdom or the fairness of business judgments made by employers, except to the extent that those judgments involved intentional discrimination. Zhuang v. Datacard Corp., 414 F.3d 849, 855 (8th Cir. 2005) (quoting from Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1136 (8th Cir. 1999)).

There being no genuine issue of any material fact, the motion for summary judgment should be granted.. Desersa is an elderly man living in one of the most poverty stricken areas in the United States. It would be unjust to impose any costs on him, given the relative positions of the parties.

Now, therefore,

IT IS ORDERED, as follows:

1) The motion for summary judgment (Doc. 28) is granted and this case is dismissed.

2) No costs shall be taxed.

Dated this 9th day of February, 2007.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J Paulhe*
　　　　　　　　DEPUTY
(SEAL)